JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
E-mail: mchaney@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiff
BEACHBODY, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| BEACHBODY, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>DAVID BARNETT, an Individual; CHRISTOPHER BARNETT, an Individual; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 2:16-cv-08804<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/Lanham Act §32(a)];**<br>**(2) FEDERAL COPYRIGHT INFRINGEMENT [17 U.S.C. §501(a)];**<br>**(3) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. §1125(a)/Lanham Act §43(a)];**<br>**(4) TRADEMARK DILUTION [15 U.S.C. §1125(c)]; and**<br>**(5) UNFAIR BUSINESS PRACTICES [CALIFORNIA BUSINESS & PROFESSIONS CODE §17200].**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW, Plaintiff Beachbody, LLC ("Plaintiff") to hereby file its Complaint for Damages against Defendants David Barnett, Christopher Barnett, and Does 1-10, inclusive (collectively "Defendants").

**PARTIES**

1. Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a Delaware Limited Liability Company, duly authorized and licensed to conduct business in California, with its principal place of business located in Santa Monica, California.

2. Plaintiff is informed and believes that Defendant David Barnett is now, and was at the time of the filing of this Complaint and at all intervening times, an individual residing in Rancho Cordova, California.

3. Plaintiff is informed and believes that Defendant Christopher Barnett is now, and was at the time of the filing of this Complaint and at all intervening times, an individual residing in Rancho Cordova, California.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants herein named as Does 1-10, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiff will amend this pleading accordingly.

5. Plaintiff further alleges that Defendants David Barnett, Christopher Barnett, and Does 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendants upon the causes of action hereinafter set forth.

6. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendants David Barnett, Christopher Barnett, and Does 1-10, inclusive, and each of them, were the agents, servants and employees of every other defendant and the acts of each defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTIONAL ALLEGATIONS

7. This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), in that the case arises out of claims for trademark infringement, false designation of origin, unfair competition and dilution under the Lanham Act (15 *U.S.C.* §1051 *et seq.*), and copyright infringement under 17 U.S.C. §501(a); and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a) and 1338 (a)(b).

8. Venue is proper, *inter alia*, pursuant to 28 U.S.C. §1391(b) because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and has caused damages to Plaintiff in this district.

9. Personal jurisdiction exists over Defendants because on information and belief, Defendants conduct business within the State of California and within this judicial district, have purposefully directed action to California and this district, or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

## GENERAL ALLEGATIONS

### Plaintiff and its Famous BEACHBODY® Fitness Products and Services

10. Plaintiff is a health, wellness and fitness company involved in, among other things, the development, production, sale, and distribution of in-home fitness, weight loss, and health products and services.

11. One of the main components of Plaintiff's business encompasses the production, sale and distribution of its BEACHBODY® family of fitness DVDs and kits, including its famous P90X3® and FOCUS T25® fitness DVDs and kits. Plaintiff's BEACHBODY®-, P90X3®- and FOCUS T25®-branded products and services have achieved great success since their introduction in 1999 and 2013, respectively.

12. The success of Plaintiff's BEACHBODY, P90X3 and FOCUS T25 products and services is due in part to Plaintiff's marketing and promotional efforts. These efforts include advertising and promotion through Plaintiff's websites, print and other internet-based advertising, in-person and televised promotional appearances by its trainers, and its infomercials, among other efforts. Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its BEACHBODY, P90X3 and FOCUS T25 products, services and marks. For example, Plaintiff has spent close to one hundred million dollars ($100,000,000.00) to air its television infomercials in each of 2009, 2010, 2011, 2012, 2013, 2014, and 2015. On each P90X3 and FOCUS T25 exercise kit, in each infomercial, and in each piece of marketing material for P90X3 and FOCUS T25 products, the BEACHBODY marks are prominently displayed along with the P90X3 and FOCUS T25 (on the P90X3 and FOCUS T25 products) marks.

13. The success of the P90X3 and FOCUS T25 DVDs, kits and other products and services is not due to Plaintiff's promotional efforts alone. Rather, the popularity of P90X3 and FOCUS T25 is also due to Plaintiff's consumers, and the word of mouth buzz consumers have generated. Success stories of countless individuals who have utilized P90X3 and FOCUS T25 to help achieve their respective fitness goals are far too numerous to recount, but include stories from all types of people ranging from your average men and women in almost all age groups, to well-trained professional athletes and celebrities looking to stay fit and in shape. In fact, a wide array of newspapers, magazines and television networks has featured stories in which prominent celebrities and professional athletes have enthusiastically described their experience and success with the P90X3 and FOCUS T25 kits.

14. As a result of Plaintiff's efforts, the quality of Plaintiff's products, and the promotion and word of mouth buzz, the BEACHBODY®, P90X3® and

FOCUS T25® marks and the BEACHBODY, P90X3 and FOCUS T25 DVDs, products, and services have been prominently placed in the minds of the public. Consumers, purchasers and the members of the public have become familiar with the Plaintiff's fitness DVDs and other products and services, and have come to recognize the BEACHBODY®, P90X3® and FOCUS T25® marks, products and services and associate them exclusively with Plaintiff – Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association. Indeed, the BEACHBODY, P90X3 and FOCUS T25 marks are famous in the United States.

15. In addition to the above, Plaintiff also owns or otherwise controls copyrights in and related to the P90X3 and FOCUS T25 exercise kits. Plaintiff's rights protect the entirety of each kit as well as the many works therein.

16. While Plaintiff has gained significant common law trademark and other rights in its BEACHBODY, P90X3 and FOCUS T25 products and services through its use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark and copyright registrations.

17. Plaintiff owns a United States Patent and Trademark Office ("U.S.P.T.O.") registration for the "**P90X3**" word mark under U.S. Registration Number ("U.S. Reg. No.") 4503107.

18. Plaintiff also owns the following U.S.P.T.O. registrations for the "**FOCUS T25**" word mark (U.S. Reg. No. 4404411) and design mark:

(U.S. Reg. No. 4412310)

19. Plaintiff also owns the following U.S.P.T.O. registrations for the "**BEACHBODY**" word marks (U.S. Reg. Nos. 2665151, 2862904) and design marks:

(U.S. Reg. No. 2853244)

(U.S. Reg. No. 2873866)

20. Plaintiff also owns several United States Copyright Registrations relating to its BEACHBODY exercise kits, including its P90X3 Kit (2013) under Certificate of Registration Number ("Cert. of Reg. No.") PA 1-902-813, and FOCUS T25 KIT (Cert. of Reg. No PA 1-935-094).

21. Plaintiff has never authorized or consented to Defendants use of the BEACHBODY®, P90X3® and FOCUS T25®, marks or any confusingly similar marks by Defendants; nor has Plaintiff authorized Defendants to manufacture, copy, offer for sale, sell, or distribute any BEACHBODY, P90X3 and FOCUS T25 product.

**<u>Defendants' Wrongful and Infringing Conduct</u>**

22. Defendants offer for sale and sell counterfeit BEACHBODY exercise kits and DVDs, including P90X3 and FOCUS T25, to consumers through

eBay.com ("eBay"), using Plaintiff's BEACHBODY®, P90X3® and FOCUS T25® trademarks and Plaintiff's copyright protected P90X3 and FOCUS T25 kits, DVDs, and materials, in advertising.

23. Defendants facilitate the receipt of payment for counterfeit BEACHBODY exercise kits and DVDs sold to consumers through eBay.com, using PayPal.

24. Defendants distribute counterfeit BEACHBODY exercise kits and DVDs, including P90X3 and FOCUS T25, to consumers who purchase products directly from Defendants through eBay account(s) registered and used by Defendants.

25. On or about July, 2016, Plaintiff arranged the purchase of a purported "Shaun T's Focus T25 Workouts – Alpha, Beta, & Gamma 14 DVD Set + Resistance Band" (Item # 262517982523) being offered for sale by Defendants on eBay under user ID "**healthandbeauty2016**" for a cost of $44.99 charged to a PayPal electronic payment account.

26. The exercise kit and DVDs purchased and received from eBay user ID "healthandbeauty2016," was inspected to determine authenticity. Plaintiff's inspection of the item purchased and received confirmed that the item offered for sale, sold, and distributed by Defendants wss, in fact, a counterfeit BEACHBODY-branded FOCUS T25 exercise kits and DVDs.

27. Plaintiff is informed and believes that Defendants have willfully imported, sold and distributed a presently unknown quantity of counterfeit BEACHBODY, P90X3 and FOCUS T25 exercise kits and DVDs.

28. By these advertisements, sales and distributions, Defendants violate Plaintiff's exclusive rights in its copyrighted material, and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of Plaintiff's trademarks to confuse consumers and aid in the promotion and sales of its unauthorized product.

29. Defendants' actions began long after Plaintiff's adoption and use of its BEACHBODY, P90X3 and FOCUS T25 trademarks, after Plaintiff obtained the copyright and trademark registrations alleged above, and after Plaintiff's marks became famous.

30. Defendants' actions were committed in bad faith and with the intent to dilute Plaintiff's trademarks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

31. In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: (i) infringed and diluted Plaintiff's rights in the BEACHBODY, P90X3 and FOCUS T25 marks; (ii) infringed Plaintiff's copyrights; (iii) applied counterfeit marks; (iv) misled the public into believing there is an association or connection between Defendants and Plaintiff and/or the products advertised and sold by Defendants and Plaintiff; (v) used false designations of origin on or in connection with its goods and services; (vi) committed unfair competition; and (vii) unfairly profited from such activity.

Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

**<u>FIRST CAUSE OF ACTION</u>**

**(Trademark Infringement against Defendants David Barnett, Christopher Barnett, and Does 1-10, Inclusive)**

**[15 U.S.C. §1114/Lanham Act §32(a)]**

32. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-31.

33. Plaintiff has continuously used its BEACHBODY®, P90X3® and FOCUS T25® marks in interstate commerce since at least as early as 1999 and

2013, respectively.

34. Plaintiff, as the owner of all right, title and interest in and to the BEACHBODY, P90X3 and FOCUS T25 word and design marks, has standing to maintain an action for trademark infringement under the Trademark Statute 15 U.S.C. §1114.

35. Defendants are and at the time of their actions complained of herein were actually aware that Plaintiff is the registered trademark holder of the BEACHBODY, P90X3 and FOCUS T25 word and design marks identified within this Complaint.

36. Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the marks to deal in and commercially distribute, market and sell BEACHBODY, P90X3 and FOCUS T25 fitness DVDs and kits bearing Plaintiff's BEACHBODY, P90X3 and FOCUS T25 word and design marks into the stream of commerce.

37. Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/ or colorable imitations of Plaintiff's registered marks in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit P90X3 and FOCUS T25 fitness DVDs and kits bearing the BEACHBODY, P90X3 and FOCUS T25 word and design marks

38. Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's registered BEACHBODY, P90X3 and FOCUS T25 word and design marks and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods. Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit P90X3 and FOCUS T25 fitness DVDs and kits bearing the BEACHBODY, P90X3 and FOCUS T25

word and design marks.

39. Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiff.

40. Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

41. Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the BEACHBODY, P90X3 and FOCUS T25 word and design marks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiff requests injunctive relief.

42. Defendants' continued and knowing use of Plaintiff's marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* §1114. Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by section 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## SECOND CAUSE OF ACTION

**(Copyright Infringement against Defendants David Barnett, Christopher Barnett, and Does 1-10, Inclusive)**

**[17 U.S.C. §501(a)]**

43. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-42.

44. Plaintiff is the exclusive owner of copyrights in and related to its BEACHBODY-branded P90X3 and FOCUS T25 fitness DVDs and kits and

possesses copyright registrations with the United States Copyright Office relating to the same, including U.S. Copyright Registration Numbers PA 1-902-813 and PA 1-935-094.

45. Defendants did not seek and failed to obtain Plaintiff's consent or authorization to import, utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's copyright-protected materials.

46. Without permission, Defendants intentionally and knowingly imported, reproduced, counterfeited, copied, displayed, and/or manufactured Plaintiff's protected works by offering, advertising, promoting, retailing, selling, and distributing counterfeit P90X3 and FOCUS T25 fitness DVDs and kits which are at a minimum substantially similar to Plaintiff's copyright protected works.

47. Defendants' acts as alleged herein, constitute infringement of Plaintiff's copyright, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such protected material.

48. Defendants' knowing and intentional copyright infringement as alleged herein has caused and will continue to cause substantial and irreparable harm to Plaintiff and has and will continue to cause damage to Plaintiff. Plaintiff is therefore entitled to injunctive relief, damages, Defendants' profits, increased damages, and reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition against Defendants David Barnett, Christopher Barnett, and Does 1-10, Inclusive)**

**[15 U.S.C. §1125(a)/Lanham Act §43(a)]**

49. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-48.

50. Plaintiff, as the owner of all common law right, title, and interest in and to the BEACHBODY, P90X3 and FOCUS T25 word and design marks, has

standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act section 43(a) (15 U.S.C. §1125). Plaintiff's BEACHBODY, P90X3 and FOCUS T25 marks are inherently distinctive and/or have acquired distinctiveness.

51. Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the BEACHBODY, P90X3 and FOCUS T25 marks, and/or have made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

52. Defendants' conduct described above violates the Lanham Act, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's BEACHBODY, P90X3 and FOCUS T25 marks.

53. On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiff's rights.

54. Defendants knew or by the exercise of reasonable care should have known that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiff's marks would cause confusion, mistake, or deception among purchasers, users and the public.

55. Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademarks unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray,

and defraud consumers to believe that the substandard imitations are genuine P90X3 and FOCUS T25 DVDs or kits.

56. Defendants' continuing and knowing use of Plaintiff's mark constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

57. Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of its P90X3 and FOCUS T25 products in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of its marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiff seeks an accounting of Defendants' profits, and requests that the Court grant Plaintiff three times that amount in the Court's discretion.

58. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

**(Dilution against Defendants David Barnett, Christopher Barnett, and Does 1-10, Inclusive)**

**[15 U.S.C. §1125(c)]**

59. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-58.

60. Plaintiff's BEACHBODY®, P90X3® and FOCUS T25 ® marks are distinctive and famous within the meaning of the Lanham Act.

/ / /

61. Upon information and belief, Defendants' unlawful actions began long after Plaintiff's mark became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's mark. Defendants' conduct is willful, wanton and egregious.

62. Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine P90X3 and FOCUS T25 kits and DVDs. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff's marks, and are likely to impair the distinctiveness, strength and value of Plaintiff's marks, and injure the business reputation of Plaintiff and its marks.

63. Defendants' acts have caused and will continue to cause Plaintiff irreparable harm. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

64. As the acts alleged herein constitute a willful violation of section 43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FIFTH CAUSE OF ACTION

**(Unlawful, Unfair, Fraudulent Business Practices against Defendants David Barnett, Christopher Barnett, and Does 1-10, Inclusive)**

**[*California Business & Professions Code* §17200 *et seq*.]**

65. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-64.

66. By marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit P90X3 and FOCUS T25 products, Defendants have

engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the California Business and Professions Code §17200 *et seq*.

67. Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit P90X3 and FOCUS T25 products is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiff and to the purchasing public. Defendants' conduct was intended to cause such loss, damage and injury.

68. Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

69. By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiff's marks and products, Defendants intended to and did induce and intends to and will induce customers to purchase its products by trading off the extensive goodwill built up by Plaintiff in its marks.

70. Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.

71. Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff

has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial. Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and its actual and/or compensatory damages.

72. Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above. Plaintiff seeks injunctive relief.

73. Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession which rightfully belong to Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Beachbody, LLC, prays for judgment against Defendants David Barnett, Christopher Barnett, and Does 1-10, inclusive, and each of them, as follows:

A. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a);
B. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. §501(a);
C. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);
D. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);
E. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiff's trademarks pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c),

which election Plaintiff will make prior to the rendering of final judgment;

F. In the alternative to actual damages and Defendants' profits pursuant to 17 U.S.C. §504(b), for statutory damages pursuant to 17 U.S.C. §504(c), which election Plaintiff will make prior to the rendering of final judgment;

G. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

H. For damages to be proven at trial for common law unfair competition;

I. For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiff; acts of trademark infringement or dilution; acts of copyright infringement; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

J. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

K. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

L. For destruction of the infringing articles in Defendants' possession under

15 U.S.C. §1118 and 17 U.S.C. §503;

M. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. §1117(b);

N. For damages in an amount to be proven at trial for unjust enrichment;

O. For an award of exemplary or punitive damages in an amount to be determined by the Court;

P. For Plaintiff's reasonable attorney's fees;

Q. For all costs of suit; and

R. For such other and further relief as the Court may deem just and equitable.

DATED: November 28, 2016

JOHNSON & PHAM, LLP

By: _/s/ Marcus F. Chaney________
Marcus F. Chaney, Esq.
Attorneys for Plaintiff
BEACHBODY, LLC

**DEMAND FOR JURY TRIAL**

Plaintiff Beachbody, LLC, respectfully demands a trial by jury in this action pursuant to Local Rule 38-1.

DATED: November 28, 2016

JOHNSON & PHAM, LLP

By: _/s/ Marcus F. Chaney________
Marcus F. Chaney, Esq.
Attorneys for Plaintiff
BEACHBODY, LLC